Peter A. Camiel
Camiel & Chaney, P.S.
Attorneys at Law
2800 First Ave, Suite 309
Seattle, WA 98121
(206)817-0778
petercamiel@yahoo.com

UNITED STATES DISTRICT COURT
ALASKA

| UNITED STATES OF AMERICA, | Case No. 4:23-cr-00051-RRB-KFR |
|---|---|
| Plaintiff | |
| v. | DEFENDANT ERIKA BADILLO'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE |
| ERIKA BADILLO, | |
| Defendant | |

A period of excludable delay under 18 U.S.C. § 3161(h) will NOT occur as a result of the filing this motion.

## Motion and Relief Requested

Peter A. Camiel, CJA counsel for defendant Erika Badillo hereby moves to modify Ms. Badillo's conditions of release by removing the location monitoring component of her appearance bond conditions of release while keeping the remaining conditions in place.

Defense counsel has conferred with the Assistant United States Attorneys assigned to this case who indicate no opposition to this motion.

## Factual Background

On June 16, 2023, the United States filed a complaint against three defendants including Erika Badillo for drug conspiracy and possession with intent to distribute. Ms. Badillo was arrested at her home in Anaheim, California on June 29, 2023. Counsel understands she consented to a search of her home and no contraband was found.

On June 20, 2023, a grand jury returned an indictment against six defendants including Ms. Badillo charging drug conspiracy in violation of 21 USC 841(b)(1)(A). The charge carried a mandatory minimum of ten years and up to life in prison. A First Superseding Indictment was returned on November 15, 2023, charging Ms. Badillo, along with eighteen other defendants with Drug Conspiracy (Count 1) and Money Laundering Conspiracy (Count 2). The drug conspiracy count was filed under 21 U.S.C. § 841 (b)(1)(C) carrying no mandatory minimum term. No trial date is set in this case and a status hearing is scheduled for September 17, 2025.

A detention hearing was held on June 29, 2023. The Central District of California Magistrate Judge reviewed the criminal complaint and the sworn affidavit of DEA Special Agent Rose which outlined some of the government evidence. After hearing from the government regarding the charges and penalties and after reviewing the pretrial services report the court ordered Ms. Badillo's release on pretrial supervision with conditions including the posting of a monetary bond in the amount of $25,000 and location monitoring. The government then moved to revoke the release order. Dkt 11. The court denied the motion. Dkt. 47

Ms. Badillo has now been on pretrial release under the supervision of the Central District of California pretrial services office and location monitoring officer for two full

years since June, 2023.  She has been fully compliant with her conditions of release.  There have been no reported violations.  She has made all required court appearances.  She keeps in good communication with her pretrial officer and with counsel.

  Ms. Badillo is 43 years of age. She was born in San Bernadino California.  She is a United States citizen. She grew up in San Bernadino County, California. Both of her parents reside in Fontana, California. Ms. Badillo lives in her home in Anaheim, California with her husband. She is currently married to Francisco Badillo Martinez and has five children ages 16-23.  Her youngest child resides with her.  Her other children all live in California.    She works full time as a paralegal at a law office.  Her employment is verified through recent pay stubs submitted to pretrial services.

  She has long-standing ties to California, a stable residence, stable employment, lack of significant criminal history, and lack of prior failures to comply with court orders.  She does not have a substance abuse problem now, and no history of prior substance abuse.

  In January of this year Ms. Badillo was involved in a serious automobile accident for which she was not at fault.  She suffered head and neck injuries and was taken to the emergency room where as a part of emergency medical procedures it was required to have her ankle monitor removed so that she could undergo x-rays and scans.  She panicked and initially refused medical care out of fear this would be a violation of her release.  She was able to reach her pretrial services officer who consented to the device removal.  She reported to her pretrial services office the next morning to have the device reattached.  Since then, she has had several medical appointments to include MRI and

EEG examinations that have had to be rescheduled because her device needed to be removed each time and the location monitoring officer needed to be present. She has further appointments scheduled.

The location monitoring component of her release is unnecessary given her track record of compliance for two years. The wearing of the device is expensive and costs Ms. Badillo $126.90 per month which she has been paying every month for two years and she has not paid over $3000. The wearing of an electronic ankle bracelet which needs daily recharging is a hindrance to her physical movement and is uncomfortable and requires her to wear clothing that covers up the device to avoid embarrassment in public and at work. Ms. Badillo also has the debilitating autoimmune disease rheumatoid arthritis and takes prescription medication. Her diagnosis of rheumatoid arthritis is documented in medical records provided to pretrial services. At times the electronic bracelet exacerbates the pain from her arthritis.

18 U.S.C. § 1342 requires a person to be released on the least restrictive conditions that will reasonably assure their appearance and the safety of other persons and the community. The appearance bond conditions, absent the location monitoring requirement are sufficient to meets those goals. For these reasons this motion to modify conditions of release as to the location monitoring requirement should be granted.

Dated this 26th of June, 2025.

/s/*Peter A. Camiel*
PETER CAMIEL, WSBA
No. 12596
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THE 26th DAY OF JUNE, 2025 I FILED THE FOREGOING WITH THE CLERK OF THE COURT USING THE ECF SYSTEM AND FURTHER THAT A COPY OF THE FOREGOING WAS SERVED UPON ALL ATTORNEYS OF RECORD IN THIS CASE.

*/S/Peter A. Camiel*